**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Timothy Conner, | ) | Civil Action No. 8:13-cv-02353-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Techtronic Industries North America, Inc.; | ) | **ORDER AND OPINION** |
| One World Technologies, Inc.; and Ryobi | ) | |
| Technologies, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

  Plaintiff Timothy Conner ("Plaintiff") filed this action against Defendants Techtronic Industries North America, Inc., One World Technologies, Inc., and Ryobi Technologies, Inc., (collectively "Defendants") alleging claims for strict products liability, negligence, breach of implied warranty of fitness, breach of warranty of merchantability, and reckless, willful or malicious conduct. (ECF No. 1 at 6-11.) Specifically, Plaintiff alleges that he suffered severe and permanent personal injuries to his left hand while using a Ryobi table saw, Model No. BTS10, Serial No. XX054826192 (the "Ryobi saw"). (Id. at 3 ¶ 7, 6 ¶ 18.)

  This matter is before the court on Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 ("Rule 56 motion"). (ECF No. 19.) For the reasons set forth below, the court **GRANTS** Defendants' Rule 56 motion.

## I. RELEVANT BACKGROUND TO THE PENDING MOTION

  On October 8, 2010, Plaintiff was injured while allegedly using a Ryobi saw. (ECF No. 1 at 6 ¶ 18.) On August 29, 2013, Plaintiff filed an action in this court alleging that he "is a citizen of Alabama," and Defendants are each a "Delaware corporation with its principal place of business located at 1428 Pearman Dairy Road, Anderson, South Carolina 29625." (Id. at 1 ¶¶ 1-

2, 2 ¶¶ 3-4.) Plaintiff further alleged that the court "has personal jurisdiction over Defendants because Defendants have their principal place of business in Anderson, South Carolina[]" and "[v]enue is proper in the Court because Defendants have their principal place of business in Anderson, South Carolina." (Id. at 2 ¶¶ 5-6.)

Defendants filed their Rule 56 motion on September 17, 2014, alleging "there is no genuine issue of material fact and the Defendants are entitled to judgment as a matter of law" as "Plaintiff's claims are due to be dismissed in their entirety because Plaintiff lacks capacity to maintain this action against Defendants under South Carolina's Door Closing Statute, S.C. Code Ann. § 15-5-150." (ECF No. 19 at 1.) Plaintiff filed opposition to Defendants' Rule 56 motion on October 3, 2014, to which Defendants replied on October 14, 2014. (ECF Nos. 22, 23.)

## II.    JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) based on Plaintiff's allegations that this "is a lawsuit between parties of diverse citizenship and the amount in controversy exceeds $75,000." (ECF No. 1 at ¶ 6.)

## III.    LEGAL STANDARD

A.    Fed. R. Civ. P. 56

Summary judgment should be granted on a claim or defense "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "Summary judgment is to avoid a useless trial. It is a device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts." Bland v. Norfolk & S.R. Co., 406 F.2d 863, 866 (4th Cir. 1969). Summary judgment "should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the

law . . . [a]nd this is true even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom." Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950) (internal citations omitted). In this regard, summary judgment is appropriate when the parties merely "dispute the significance of the events . . . but do not dispute which events actually occurred." Transamerica Delaval Inc. v. Citibank, N.A., 545 F. Supp. 200, 203 (D.C.N.Y. 1982) (internal citation omitted).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must demonstrate a genuine issue for trial. Fed. R. Civ. P. 56(e); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).

B.    South Carolina Door Closing Statute

The Door Closing Statute allows a non-resident plaintiff to bring "[A]n action against a corporation created by or under the laws of any other state, government or country" in South Carolina "when the cause of action shall have arisen or the subject of the action shall be situated within this State." S.C. Code Ann. § 15-5-150 (2014). "Pursuant to the Door Closing Statute, a non-South Carolina resident cannot bring an action in South Carolina when the cause of action did not arise within South Carolina." Snell v. Golden Rule Ins. Co., C/A No. 6:08-3555-MHM, 2009 WL 185723, at *2 (D.S.C. Jan. 23, 2009). "In traditional tort settings, we have held that a cause of action arises in this State for purposes of the Door Closing Statute when the plaintiff has the right to bring suit." Murphy v. Owens-Corning Fiberglas Corp., 590 S.E.2d 479, 482 (S.C.

2003) (citation omitted). "Federal courts sitting in diversity must apply [Door Closing Statute] unless countervailing federal interests preclude its application. <u>Tuttle Dozer Works, Inc. v. Gyro-Trac (USA), Inc.</u>, 463 F. Supp. 2d 544, 549 (D.S.C. 2006) (citation omitted). In <u>Szantay v. Beech Aircraft Corp.</u>, 349 F.2d 60 (4th Cir. 1965), the Fourth Circuit recognized certain countervailing considerations.  These considerations include:

> (1) the purpose in the grant of diversity jurisdiction of avoiding discrimination against nonresidents; (2) the policy of encouraging a state to enforce the laws of its sister states; and (3) the fact that South Carolina was the only state in the country in which the two defendants could be joined.

<u>Proctor & Schwartz, Inc. v. Rollins</u>, 634 F.2d 738, 740 (4th Cir. 1980). However, "the Fourth Circuit Court of Appeals has . . . limited the need to apply <u>Szantay</u> balancing to situations in which a plaintiff has no other available forum in which to bring its action." <u>Cal. Buffalo v. Glennon-Bittan Group, Inc.</u>, 910 F. Supp. 255, 257 (D.S.C. 1996). "A plaintiff's failure to timely file suit in the more logical, convenient forum does not constitute a countervailing consideration favoring the exercise of federal jurisdiction." <u>Rollins</u>, 634 F.2d at 740.

## IV.     ANALYSIS

A.     <u>The Parties' Respective Positions</u>

In their Rule 56 motion Defendants present evidence discovered from Plaintiff establishing that the subject incident occurred in Alabama. (ECF No. 19-1 at 2.) In arguing that this case should be dismissed by the Door Closing Statute, Defendants contend that the undisputed facts show that: "(a) the Statute applies in this federal court sitting in diversity; (b) each of the Defendants was incorporated under the laws of a state other than South Carolina; (c) Plaintiff is not a resident of South Carolina; and (d) Plaintiff's causes of action arose outside of South Carolina." (<u>Id.</u> at 3.) As such, Defendants contend they are entitled to judgment as a matter of law as "all of the requirements of the Door Closing Statute are met" so that "Plaintiff lacks the

capacity to maintain this action in this Court." (Id. at 6.)

In his Response to Defendants' Rule 56 motion, Plaintiff concedes the facts that Defendants allege, but emphasizes that Defendants' principal places of business are in South Carolina and "all of their activities relating to the subject table saw occurred in South Carolina. (ECF No. 22 at 7.) Plaintiff contends that affirmative countervailing federal interests make the application of the Door Closing Statute in this case improper: (1) it would defeat the central purpose of diversity jurisdiction, to avoid discrimination against nonresidents; (2) it would be contrary to the Full Faith and Credit Clause as it would prevent enforcement of the relevant Alabama statute governing Plaintiff's claims; and (3) it would violate the Privileges and Immunities Clause "by unjustifiably denying nonresidents access to this federal court based solely on their citizenship." (Id. at 7.) Plaintiff also contends that applying the Door Closing Statute would be unconstitutional in this case as it would violate the Privileges and Immunities Clause "by improperly denying a nonresident access to this federal court based solely on his citizenship." (Id. at 8.)

In their reply to Plaintiff's Response, Defendants contend "Plaintiff concedes that application of the Door Closing Statute bars his claims." (ECF No. 23 at 2.) Defendants cite three recently filed orders by judges in the District of South Carolina dealing with similar factual and legal issues to support their assertions.[1] (ECF Nos. 23-1, 23-2, 23-3.) Defendants contend there are no countervailing federal interests as "Plaintiff could have filed his claims in his home

---

[1] Boisvert v. Techtronic Indus. N. Am., Inc., 56 F. Supp. 3d. 750 (D.S.C. 2014); Kennedy vs. Techtronic Indus. N. Am., Inc., No. 8:13-871-BHH, 2014 WL 4929349 (D.S.C. Sept. 29, 2014); and Kaufman v. Techtronic Indus. N. Am., Inc., No. 8:13-2345-BHH, 2014 WL 4929392 (D.S.C. Sept. 29, 2014) - all deal with suits brought against Defendants by plaintiffs who were not residents of South Carolina and were injured by Ryobi table saws in accidents that occurred outside of South Carolina. The court held that these cases did not raise countervailing federal considerations under Szantay since the plaintiffs had forums elsewhere to seek vindication. The court also rejected challenges to the constitutionality of the Door Closing Statute.

State of Alabama" and his failure to do so in a timely manner does not constitute a countervailing interest. (ECF No. 23 at 4, 6.) Defendants also contend that the Door Closing Statute is constitutionally valid, asserting that Plaintiff cites no South Carolina decisions that dispute that statute's validity and the statute does not deprive non-resident plaintiffs of "reasonable and adequate access to South Carolina courts."  (Id. at 9-12.)

B.     The Court's Review

There is no factual dispute amongst the parties that Plaintiff is not a resident of South Carolina, that Defendants are foreign corporations, that the underlying factual circumstances occurred outside of South Carolina, or that the elements of the Door Closing Statute are satisfied. (ECF No. 19-1 at 2; ECF No. 22 at 8.) Simply stated, there is no genuine issue of material fact.

Plaintiff's emphasis on Defendants' principal places of business in South Carolina bears no relevance as the place of incorporation has been held to be the only relevant determination for the Door Closing Statute. Parsons v. Uniroyal-Goodrich Tire Corp., 438 S.E.2d 238, 239 (S.C. 1993), overruled on other grounds by Farmer v Monsanto Corp., 579 S.E.2d 553, 556-57 (S.C. 2003) ("[S]ection 15-5-150 applies to any corporation created by or under the laws of any other state, government, or country regardless of where its principal place of business is located.").

This case falls into the line of cases where the application of Szantay, as suggested by Plaintiff, is not required. Plaintiff had access to another forum in which to bring his action, his home state of Alabama. See Cal. Buffalo, 910 F. Supp. at 257; Rollins, 634 F.2d at 740 (holding there were no countervailing federal considerations because plaintiff could have sued in "North Carolina, the state of the Defendant's incorporation."); Bumgarder v. Keene Corp., 593 F.2d 572, 573 (4th Cir. 1979) ("Because there was an alternate forum to the South Carolina court where Bumgarder could gain full relief, we find Szantay does not apply."). Even under Szantay

precedent, this case is distinguishable because Defendants are not limited to service or joinder in South Carolina. Szantay v. Beech Aircraft Corp., 349 F.2d 60, 66 (4th Cir. 1965). As Plaintiff had a forum to bring the suit elsewhere the court need not address the alternative countervailing federal considerations Plaintiff asserts.[2] The availability of an alternative forum is dispositive under Rollins and its progeny. Even if Plaintiff was procedurally barred from filing this action in Alabama, which has not been alleged, this would not constitute a countervailing federal consideration as a "failure to timely file suit in the more logical, convenient forum does not constitute a countervailing consideration favoring the exercise of federal jurisdiction." Rollins, 634 F.2d at 740. Therefore, the case must be analyzed solely under the parameters of the Door Closing Statute itself, and, as described above, each element is satisfied in this case.

Turning to the argument on the Door Closing Statute's constitutionality, "there is nothing to compel a state to exercise jurisdiction over a foreign corporation unless it chooses to do so, and the extent to which it so chooses is a matter for the law of the state as made by its legislature." Clark v. Babbitt Bros., Inc., 196 S.E.2d 120, 121 (S.C. 1973) (quoting Pulson v. Am. Rolling Mill Co., 170 F.2d 193 (1st Cir. 1948)). The South Carolina legislature laid out the extent to which it would allow for the exercise of jurisdiction over foreign corporations in the Door Closing Statute. It is telling that in the over one hundred years since the statute's passing there have been no successful direct constitutional challenges and it has been consistently applied and enforced on both the state and federal level. Disparate treatment of residents and non-residents is not automatically unconstitutional, as "the Privileges and Immunities Clause does not require States to erase any distinction between citizens and non-citizens that might

_____

[2] Plaintiff's discussion of the purposes of the Door Closing Statute in his argument is irrelevant. (ECF No. 22 at 11-12.) As stated above, the statute applies, as there are no countervailing federal considerations. The law does not need to harken back to its initial purposes every time it is applied, it simply applies unless there is a countervailing federal consideration.

conceivably give state citizens some detectable litigation advantage." <u>McBurney v. Young</u>, 133 S. Ct. 1709, 1717 (2013). The Fourth Circuit implicitly addresses this specific issue in <u>Szantay</u> and rules in favor of the statute's constitutionality. <u>Szantay</u>, 349 F.2d at 65. Courts in the District of South Carolina recently held that "<u>Szantay</u> expressly recognizes that the South Carolina Door Closing statute is not directly violative of . . . the Privileges and Immunities Clause[]."[3] <u>Boisvert v. Techtronic Indus. N. Am., Inc.</u>, 56 F. Supp. 3d 750, 753 (D.S.C. 2014), <u>appeal docketed</u>, No. 14-2177 (4th Cir. 2014). If the Door Closing Statute were unconstitutional because it permits residents to sue foreign corporations on foreign causes of action but denies this privilege to nonresidents, the Fourth Circuit would have struck down the statute instead of recognizing this concern as an additional countervailing consideration. <u>Id.</u> In the court's view, the application of the Door Closing Statute in this case is constitutional.

## V.    CONCLUSION

For the reasons set forth above, the court **GRANTS** the Motion for Summary Judgment of Defendants Techtronic Industries North America, Inc., One World Technologies, Inc., and Ryobi Technologies, Inc. (ECF No. 19.)

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

June 23, 2015
Columbia, South Carolina

---

[3] "[W]ith respect to the Privileges and Immunities Clause, the Fourth Circuit, in <u>Szantay</u>, transitioned, 'While such discrimination may not be unconstitutional . . . .' The use of the word[] "may" . . . [is] not somehow qualifying or speculative about the constitutionality of the Statute. Rather, they are phrases of contrast, plainly indicating that even though the Statute could not *actually* be considered unconstitutional, it nevertheless implicates important constitutional concerns—restyled as 'federal considerations.'" <u>Boisvert v. Techtronic Indus. N. Am., Inc.</u>, 56 F. Supp. 3d 750, 753-54 (D.S.C. 2014), <u>appeal docketed</u>, No. 14-2177 (4th Cir. 2014).